IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Johnnie L Jones, ) | |
| ) | No.: 8:14-cv-4556-RMG |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Joseph McFadden, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 40), recommending that Respondent's Motion for Summary Judgment (Dkt. No. 18) be granted, Petitioner's Motion to Expand the Record (Dkt. No. 28) be denied, and the habeas petition be dismissed. For the reasons stated below, the Court **ADOPTS** the R & R, **GRANTS** Respondent's Motion for Summary Judgment, **DENIES** Petitioner's Motion to Expand the Record, and **DISMISSES** the habeas petition.

## I. Background

In June 2007, Petitioner was indicted for assault and battery with intent to kill and attempted kidnapping. (Dkt. No. 19-3 at 31–34). The jury found Petitioner guilty of attempted kidnapping and assault and battery of a high and aggravated nature (Dkt. No. 19-2 at 95), and Petitioner appealed his convictions to the South Carolina Court of Appeals (*Id.* at 107). On appeal, Petitioner argued that the trial judge "erred in allowing the accuser's identification testimony into evidence at trial because the highly suggestive out-of-court identification procedure used by police where only one photograph was displayed in the photographic layout and shown to the accuser resulted in an unreliable identification and a misidentification in the

1

case." (*Id.* at 109). The Court of Appeals affirmed the convictions via unpublished opinion on January 25, 2012 (*Id.* at 119), and remitted the matter in February 2012 (Dkt. No. 19-5).

On April 30, 2012, Petitioner filed a *pro se* application for post-conviction relief ("PCR") raising claims of ineffective assistance of trial counsel. On August 2, 2012, Petitioner filed an amended PCR application alleging ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and trial court error. On August 23, 2013, the PCR court dismissed Petitioner's application in its entirety. (Dkt. No. 19-3 at 21).

Petitioner timely filed a notice of appeal, and his counsel filed a *Johnson* petition for writ of certiorari in the South Carolina Supreme Court on May 5, 2014, raising the issue that "[t]rial counsel erred in failing to communicate the state's plea offer presented in the case because but for this omission, petitioner would have accepted the plea offer and received a sentence that was more lenient than the sentence he received at trial." (Dkt. No. 19-6 at 3). Petitioner filed a *pro se* petition for writ of certiorari on May 28, 2014, asserting that (1) "[t]he Petitioner['s] writ of certiorari should be remanded back to the lower court to address issues that the . . . PCR court failed to address in the order denying Petitioner's PCR," and (2) "the lower court record does not support the finding that Petitioner knowingly or voluntarily waived any of his PCR allegations." (Dkt. No. 19-7).

The South Carolina Supreme Court issued an order denying the petition for writ of certiorari on September 24, 2014. (Dkt. No. 19-8). It subsequently remitted the matter on October 10, 2014. (Dkt. No. 19-9).

Petitioner filed this Petition for Writ of Habeas Corpus on November 24, 2014. (Dkt. No. 1). Petitioner raises four grounds for relief: (1) trial counsel was ineffective for failing communicate the State's written plea offers; (2) appellate counsel was ineffective for failing to

2

raise "the substantial issue of 'defective/insufficient chain of custody'" on direct appeal; (3) appellate counsel was ineffective for failing to raise on direct appeal the trial court's denial of a motion for a mistrial or curative instruction that a jury disregard things said by a possibly incompetent person; and (4) appellate counsel was ineffective for failing raise on direct appeal the issue that the trial court denied a motion for a new trial based on the jury's request to review testimony of one of the State's expert witnesses. (Dkt. No. 1 at 2–13).

The Magistrate Judge found that (a) Grounds 2, 3, and 4 were procedurally barred, and that (b) Ground 1 was not meritorious in light of the record, and, therefore, Petitioner was not entitled to habeas relief. (Dkt. No. 40). Petitioner filed a timely objection. (Dkt. No. 43).

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for

3

adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

**B. Federal Habeas Review**

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**C. Habeas Review of Ineffective Assistance of Counsel**

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, the Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 687-88. Second, the Petitioner must show that "there is a reasonable

4

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"The standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

### III. Discussion

#### A. Procedurally Barred Claims – Grounds 2, 3, and 4

A habeas petitioner must exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b)(1). This requires a habeas petitioner to "fairly present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). Procedural bypass, sometimes referred to as procedural bar or procedural default, occurs when a petitioner seeking habeas corpus relief failed to the raise the issue asserted in his habeas petition at the appropriate time in state court. Because the petitioner has no further means of raising the issue before the state courts, he is considered to have bypassed his state court remedies and is, thus, procedurally barred from raising the issue in a federal habeas proceeding. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Weeks v. Angelone*, 176 F.3d 249, 272 n.15 (4th Cir. 1999) ("A claim is procedurally defaulted when it is rejected by a state court on an adequate and independent state procedural ground.").

Petitioner raised Grounds 2, 3, or 4 in his amended PCR Application. (*See* Dkt. No. 19-2 at 163–70). However, the PCR Court did not specifically rule on these claims, and Petitioner failed to raise them again at the appropriate times. Accordingly, these issues are procedurally

5

barred from federal habeas review unless Petitioner can show (1) cause for not complying with the state court's procedural rule and actual prejudice resulting from the alleged constitutional violation or (2) a miscarriage of justice. *E.g., Yeatts v. Angelone*, 166 F.3d 255, 260–61 (4th Cir. 1999).

Neither the petition for writ of habeas corpus nor the Petitioner's objections allege that he can establish cause or that he is actually innocent. In fact, Petitioner's objection simply reiterates arguments in the habeas petition and states that, "[f]or purposes of this Objection, Petitioner disagrees with the Magistrate Judge['s] Report and Recommendation," (Dkt. No. 43). Therefore, summary judgment is appropriate. *Kornahrens v. Evatt*, 66 F.3d 1350, 1363 (4th Cir. 1995) (holding that a failure to attempt to show cause or prejudice is grounds for summary judgment).

## B. Merits – Ground 1

Petitioner's first grounds of relief is that trial counsel was ineffective for failing to communicate a written plea offer to Petitioner and that he would have accepted the plea if he had known of it. (Dkt. No. 1 at 6–7). Petitioner did not raise any objections to the Magistrate Judge's finding that his first grounds of relief lacked merit because the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent. The Court finds that the Magistrate Judge ably and thoroughly summarized the factual and legal issues and appropriately found that Petitioner's first grounds for relief failed to meet the *Strickland* and § 2254(d) standards. Accordingly, the Court adopts the Magistrate Judge's finding on this issue as its own.

6

## IV. Conclusion

The Court **ADOPTS** the R & R (Dkt. No. 40), **GRANTS** Respondent's Motion for Summary Judgment (Dkt. No. 18), **DENIES** Petitioner's Motion to Expand the Record (Dkt. No. 28), and **DISMISSES** the habeas petition.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 2, 2016
Charleston, South Carolina